# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| **In re Dejuan R. Landry** | ) | **Misc. Dkt. No. 2025-12** |
| **Senior Airman (E-4)** | ) | |
| **U.S. Air Force** | ) | |
|     *Petitioner* | ) | |
| | ) | **ORDER** |
| | ) | |
| | ) | |
| | ) | |
| | ) | **Panel 3** |

On 12 October 2025, Petitioner filed with this court a petition for extraordinary relief in the nature of a Writ of Mandamus and a Motion to Stay Proceedings in the above-styled case. The petition was docketed on 14 October 2025. The petition and motion to stay proceedings pertained to Petitioner's pending court-martial, which commenced on 13 October 2025 at Nellis Air Force Base, Nevada.

Petitioner asks this court to vacate the military judge's ruling issued via email on 10 October 2025, denying his request for a continuance, and compel the military judge to grant Petitioner a continuance. He further requests this court stay proceedings. Petitioner asserts a new defense counsel was detailed to his case nine days before trial was scheduled to begin, to assist a previously detailed defense counsel. Petitioner also asserts that six days before trial was scheduled to begin, the Government disclosed, for the first time, 4,000 pages of digital evidence, 480 pictures and videos, 20 recorded witness interviews, and noticed two new government witnesses derived from this recently provided discovery. On 10 October 2025, via email, the military judge denied the defense request for a continuance and provided that he would "issue a written ruling for the record prior to the [entry of judgment (EoJ)]."

On 14 October 2025, this court granted Petitioner's motion to stay proceedings, and ordered briefs be filed not later than 3 November 2025 by both parties.[*] The parties timely filed their briefs with the court. The

---

[*] Between 14 October 2025 and 7 November 2025, both parties filed several motions with this court, which we resolved accordingly. This court docketed Petitioner's petition for extraordinary relief on 14 October 2025, and on this same date, granted his motion to stay proceedings. On 15 October 2025, the Government filed an unopposed motion for this court to reconsider its decision to stay the proceedings, which we denied on 31 October 2025. On 15 October 2025, Petitioner moved this court to attach, unopposed, two emails, and the military judge's written ruling of 14 October 2025, which this court granted on 31 October 2025. Additionally, on 15 October 2025,

Government proposes that we deny Petitioner's Petition for Extraordinary Relief in the nature of a Writ of Mandamus because Petitioner has failed to meet his burden. Petitioner proposes we dismiss his petition for extraordinary relief without prejudice because it is now moot. Petitioner avers that "[b]y granting Petitioner's motion to stay the proceedings, this [c]ourt effectively granted trial defense counsel sufficient time to review the new discovery and prepare for trial, which was the basis for Petitioner's original request."

The court has carefully considered both parties' briefs, case law, and this court's Rules of Practice and Procedure.

Accordingly, it is by the court on this 13th day of November, 2025,

**ORDERED:**

Petitioner's Petition for Extraordinary Relief in the nature of a Writ of Mandamus is **DENIED AS MOOT**.

The stay of proceedings in the court-martial of *United States v. Senior Airman Dejuan R. Landry*, previously issued by this court on 14 October 2025, is hereby **LIFTED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court

---

Petitioner requested leave of the court to file a Motion to Show Cause for Why the Military Judge and Special Trial Counsel Should Not Be Held in Contempt of Court, which was later amended on 16 October 2025, excluding the special trial counsel. The Government opposed the motions, and this court granted Petitioner leave to file the two motions, but denied the amended Motion to Show Cause for Why the Military Judge Should Not Be Held in Contempt of Court on 31 October 2025. On this same date, 31 October 2025, the Petitioner requested leave of the court to file a Motion to Stay the Briefing Schedule, which was opposed by the Government, and we denied on 31 October 2025. Finally, on 24 October 2025 and 30 October 2025, Petitioner moved this court to attach, unopposed, declarations to support his earlier motions, which this court granted on 4 November 2025 and 7 November 2025.